**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy DILLON, Defendant–
Appellant.**

**No. 06–30033.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2007.

Filed Aug. 1, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Gregory A. Gruber, Esq., Office of the U.S. Attorney, Tacoma, WA, Michael J. Lang, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Thomas A. Campbell, Esq., Auburn, WA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Timothy Dillon ("Dillon") challenges the sentence imposed after he pled guilty to two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of conspiracy to distribute fifty grams of more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). Because there was no error with the district court's imposition of a two-point enhancement for possession of a firearm or with its imposition of a 97–month sentence, we affirm.

### I. Firearm Possession

At sentencing, the district court found, by a preponderance of the evidence, that Dillon "possessed" the firearm found underneath the bed he shared with his girlfriend, a co-conspirator. Accordingly, it imposed a two-point enhancement under U.S.S.G. § 2D1.1(b)(1). We review the district court's interpretation of the Sentencing Guidelines de novo and the factual findings underlying its imposition of a particular Guidelines enhancement for clear error. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir.2005).

There was no error in applying the preponderance of the evidence standard instead of the "beyond a reasonable doubt" standard. *United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir.2006); *see also United States v. Staten*, 466 F.3d 708, 717–720 (9th Cir.2006); *United States v. Ameline*, 409 F.3d 1073, 1086 (9th Cir. 2005) (en banc). Moreover, the doctrine of constitutional avoidance is inapplicable in this situation because the "statute" at issue, U.S.S.G. § 6A1.3,[1] admits of only one possible interpretation. *See Rust v. Sullivan*, 500 U.S. 173, 190, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991).

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. U.S.S.G. § 6A1.3 reads: "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information ... provided that the information has sufficient indicia of reliability to support its probable accuracy." The commentary then states: "The Commission

■ Nor did the district court clearly err when it found, by a preponderance of the evidence, that Dillon possessed the firearms found underneath the bed. *See United States v. Cazares,* 121 F.3d 1241, 1245 (9th Cir.1997) (defining "possession" for § 2D1.1(b)(1) purposes). Dillon's girlfriend testified to several facts indicating that the guns were Dillon's, not hers, and Dillon put forth no evidence to rebut this testimony. With the evidence otherwise in equipoise, it was not clearly erroneous for the district court to find that the girlfriend's testimony tipped the balance. *See Herman & MacLean v. Huddleston,* 459 U.S. 375, 390, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983).

## II. 97–Month Sentence

■ After imposing the two-point enhancement, finding Dillon responsible (for Guidelines calculation purposes) for *only* those drugs he admitted to possessing (rather than all of the drugs reasonably foreseeable to him as a member of the conspiracy), calculating Dillon's Guidelines range to be between 63 and 78 months, and noting several reasons why that range may not reflect the seriousness of Dillon's offense, the district court stated: "I will tell you that my initial judgment was that incarceration in the range of 120 months was appropriate, but what I have decided to do is to hold Mr. Dillon to the deal he made the first time."[2] The district court then sentenced Dillon to 97 months incarceration, explaining that this was a sufficiently "long time" to reflect the "extremely serious" nature of the offense, to "protect the public from further crimes and to [provide an] adequate deterrent from criminal conduct generally."

When a court imposes an above-Guidelines sentence, it must "give the specific reasons why [a sentence in the Guidelines range] would not be sufficient and why [the chosen] sentence [is] appropriate." *United States v. Miqbel,* 444 F.3d 1173, 1177, 1179 (9th Cir.2006) (citing 18 U.S.C. § 3553(c)) (emphasis omitted). The record demonstrates the district court satisfied both requirements here. *Cf. United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir. 2000).

■ Moreover, the 97–month sentence was reasonable. Assuming, without deciding, that reliance on the sentence recommended in a plea agreement from which a defendant has previously withdrawn would be an impermissible sentencing factor, the court did not impose Dillon's sentence "solely, or even primarily, based on" this factor. *See United States v. Simtob,* 485 F.3d 1058, 1063 (9th Cir.2007). Rather, it justified the sentence by referencing a number of case-specific facts regarding Dillon's "history and characteristics"[3] and the seriousness of Dillon's offense,[4] as well as by referencing at least two other factors listed in 18 U.S.C. § 3553(a). That the district court may have used the prior plea agreement as a basis for believing that the

---

believes that use of a preponderance of the evidence standard is appropriate ... in resolving disputes regarding application of the guidelines to the facts of a case." *Id.* § 6A1.3 cmt.

2. The "first time" referred to a Rule 11(c)(1)(C) plea agreement Dillon had initially entered into with the government from which he was permitted to withdraw. This plea agreement called for a sentence of 97 months.

3. The court noted that its "observation of Mr. Dillon at the hearing does not serve as a basis for great confidence that Mr. Dillon's word is what it should be."

4. Among other things, the court suggested that the Guidelines range was artificially low because Dillon was "up to his eyeballs in the conspiracy" but the Guidelines range reflected only the quantity of drugs actually found in his possession.

120–month sentence it derived from the § 3553(a) factors was either too harsh or unfair does not make the 97–month sentence it *did* impose unreasonable.

**AFFIRMED.**