**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

WILLIE DEE WESSON,
  *Defendant-Appellant.*

No. 08-30177

D.C. No.
2:01-cr-06001-
WFN-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Submitted October 19, 2009*
Seattle, Washington

Filed October 19, 2009

Before: William A. Fletcher, Ronald M. Gould, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tallman

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Tracey A. Staab, Federal Defenders of Eastern Washington and Idaho, Spokane, Washington, for the defendant-appellant.

James A. McDevitt, United States Attorney, and Robert A. Ellis, Assistant United States Attorney, Spokane, Washington, for the plaintiff-appellee.

**OPINION**

TALLMAN, Circuit Judge:

Willie Dee Wesson, who pleaded guilty to distribution of crack cocaine, appeals the district court's denial of his motion

for a sentence reduction. Wesson contends that he is eligible for such a reduction under Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), which reduced by two points the base offense level assigned in U.S.S.G. § 2D1.1 to each threshold quantity of crack cocaine. We have jurisdiction under 28 U.S.C. § 1291. Because Wesson was sentenced as a career offender, and is thus not eligible for a reduction of his prison sentence under Amendment 706, we affirm.

# I

Wesson was indicted in 2001 for three counts of knowing and intentional distribution of a substance containing cocaine base and one count of possession with intent to distribute over five grams of cocaine base, all in violation of 21 U.S.C. § 841(a)(1). He ultimately pleaded guilty to a single count of distribution. The remaining counts were dismissed on motion of the United States.

Applying the 2000 version of the Sentencing Guidelines, the presentence investigation report ("PSR") calculated a total offense level of 31. First, the PSR began with a base offense level of 28 under U.S.S.G. § 2D1.1 based on the quantity of drugs—23.8 grams of cocaine—involved in the offenses. However, because Wesson had at least two prior felony convictions for drug offenses, the district court then found that Wesson was a career offender under U.S.S.G. § 4B1.1. Wesson was assigned a new base offense level of 34 based on the maximum statutory term for the instant offense, as instructed by § 4B1.1. A three-point downward departure was applied for acceptance of responsibility. Based on the final offense level of 31 and a criminal history category of VI, the PSR author recommended that Wesson be imprisoned for a term of 188 to 235 months. The district court subsequently granted Wesson's motion for an additional two-level downward departure based on diminished capacity pursuant to U.S.S.G. § 5K2.13.

Based, therefore, on a final offense level of 29, the district court sentenced Wesson on May 3, 2002, to 168 months imprisonment. Wesson moved on March 3, 2008, for a further two-point reduction in his offense level, arguing that Amendment 706 applied retroactively to his sentence. On May 14, 2008, the district court denied the motion. The court explained Wesson's sentence as follows:

> The Court relied on the career offender provision of the Guidelines which set the base offense level for Mr. Wesson. The Court then departed based on Mr. Wesson's diminished capacity. While the Court did consider the severity of the crime, including the type of drug and the amount involved, *the Court's sentence reflects Mr. Wesson's qualification as a career offender*. The Court also considered the 18 U.S.C. § 3553(a) factors, considering, among other things, Mr. Wesson's personal history and characteristics, the crime committed, public safety and other § 3553(a) factors.

(emphasis added). The district court concluded "that Amendment 706 does not apply to Mr. Wesson." Wesson timely appealed.

## II

Wesson contends that the district court erred in concluding that he is ineligible for a sentence reduction under Amendment 706. We review *de novo* whether a district court has jurisdiction to resentence a defendant under 18 U.S.C. § 3582. *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000).

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is

"based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

**[1]** The Sentencing Commission promulgated Amendment 706 in response to the 100-to-1 disparity in sentencing between offenses involving powder cocaine and crack cocaine. *See generally Kimbrough v. United States*, 128 S. Ct. 558, 566-69 (2007) (describing the evolving treatment of crack and powder cocaine under the Sentencing Guidelines). Amendment 706, which became effective on November 1, 2007, reduces this disparity by adjusting downward by two points the base offense levels assigned to various quantities of crack cocaine in the Drug Quantity Table in U.S.S.G. § 2D1.1. As Amendment 713 applies Amendment 706 retroactively, a court may now modify a term of imprisonment where the underlying offense involves crack cocaine so long as the two requirements of 18 U.S.C. § 3582(c)(2) are satisfied. *United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009). Wesson's motion for resentencing fails to satisfy either statutory requirement.

**[2]** The sentence imposed on a defendant convicted of a drug offense is, in the absence of at least two prior felony convictions involving drugs or violence, determined under U.S.S.G. § 2D1.1(c), which correlates the length of the prison term with the quantity of drugs. It is this correlation that is altered by Amendment 706. However, where a defendant qualifies as a career offender,[1] U.S.S.G. § 4B1.1 establishes an alternate sentencing scheme based on the statutory maxi-

---

[1] A defendant qualifies as a career offender if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

mum sentence for the offense. Moreover, § 4B1.1 requires that a district court apply this alternate sentencing scheme where the offense level it specifies exceeds the offense level that would otherwise apply. *See id.* ("[I]f the offense level for a career offender from the table in . . . subsection [4B1.1] is greater than the offense level otherwise applicable, the offense level from the table in . . . subsection [4B1.1] *shall* apply." (emphasis added)).

**[3]** Therefore, with respect to the first prong of 18 U.S.C. § 3582(c)(2), a drug offense sentence that is "based on" a sentencing range calculated under U.S.S.G. § 4B1.1 because the defendant was a career offender cannot have been "based on" a sentencing range calculated under the § 2D1.1 drug amount table. The two sentencing schemes are mutually exclusive. We thus join our sister circuits in holding that a career offender sentenced pursuant to § 4B1.1 is not eligible for a sentence reduction under Amendment 706. *See United States v. Perdue*, 572 F.3d 288, 291-93 (6th Cir. 2009); *United States v. Martinez*, 572 F.3d 82, 84-85 (2d Cir. 2009) (per curiam); *United States v. Mateo*, 560 F.3d 152, 154-56 (3d Cir. 2009); *United States v. Forman*, 553 F.3d 585, 589-90 (7th Cir. 2009) (per curiam); *United States v. Caraballo*, 552 F.3d 6, 9-12 (1st Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1238-39 (10th Cir. 2008); *United States v. Tingle*, 524 F.3d 839, 839-40 (8th Cir. 2008) (per curiam).

Wesson, however, contends that he is eligible for a sentence reduction under Amendment 706 because his sentence is not based *entirely* on his career offender status. It is true that the district court considered factors other than his career offender status, "including the type of drug and the amount involved," in sentencing Wesson. Nonetheless, Wesson's argument fails.

**[4]** First, the district court was required by 18 U.S.C. § 3553(a) to consider factors such as "the nature and circumstances of the offense" and "the history and characteristics of

the defendant." Not to do so would have constituted reversible error. *See Gall v. United States*, 128 S. Ct. 586, 597 n.6 (2007) ("Section 3553(a) lists seven factors that a sentencing court *must* consider." (emphasis added)). Wesson's argument proves too much as it would effectively render any defendant convicted of a crack cocaine offense eligible for Amendment 706 relief regardless of whether his sentence is "based on" U.S.S.G. § 2D1.1.

**[5]** Second, that the district court took into account factors other than Wesson's career offender status is irrelevant. *Cf. United States v. Jackson*, 577 F.3d 1032, 1034-35 (9th Cir. 2009) (rejecting the argument that Amendment 706 was applicable because the district court granted a departure below the mandatory minimum sentence). The only question that matters in determining the applicability of Amendment 706 is whether Wesson's sentence is "based on" § 2D1.1. It is not. The district court was required to apply the § 4B1.1 base offense level of 34 because it exceeded Wesson's base offense level of 28 under § 2D1.1(c)(6). The district court used the § 4B1.1 base offense level, not the § 2D1.1 base offense level, as the starting point for applying downward departures for acceptance of responsibility and for diminished capacity. Thus, the district court's calculation of Wesson's base offense level under § 2D1.1 was not otherwise relied on by the court once it determined that the § 4B1.1 base offense level controlled.

Had the district court concluded that Wesson's career offender status overstated the seriousness of his criminal history and adopted a sentencing range calculation premised on his § 2D1.1 base offense level,[2] our conclusion might be different. *See, e.g.*, *United States v. McGee*, 553 F.3d 225, 227 (2d Cir. 2009) (finding Amendment 706 applicable where

---

[2]This would have resulted in a final offense level of 23 (base offense level of 28 minus three points for acceptance of responsibility and minus two points for diminished capacity).

"the district court explicitly stated that it was departing from the career offender sentencing range 'to the level that the defendant would have been in absent the career *offender status calculation and consideration' "); United States v. Poindexter*, 550 F. Supp. 2d 578, 580-81 (E.D. Pa. 2008) (finding Amendment 706 applicable where the sentencing judge "determined that the career offender designation 'over-represents the total offense level in this case' " and "reduced Poindexter's offense level to that which he would have faced absent the career offender designation"). But the district court here did no such thing, and we leave resolution of that scenario for another day.

**[6]** Furthermore, modification of Wesson's sentence would not, as also required by 18 U.S.C. § 3582(c)(2), be "consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued such a policy statement in the form of U.S.S.G. § 1B1.10. Specifically, a sentence reduction is not consistent with § 1B1.10 if "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." Because Wesson was designated a career offender, his sentence was based not on § 2D1.1 but on § 4B1.1, and thus Amendment 706 has no effect on his applicable guideline range.

## III

The district court did not err in concluding that it lacked jurisdiction under 18 U.S.C. § 3582(c)(2) to modify Wesson's sentence pursuant to Amendment 706.

**AFFIRMED.**