**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10452 |
| Plaintiff - Appellee, | D.C. No. 3:89-cr-00602-MHP |
| v. | |
| JAMES L. BEASLEY, Jr., | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted December 7, 2009[**]
San Francisco, California

Before: O'SCANNLAIN, RAWLINSON, and BEA, Circuit Judges.

Appellant James Beasley challenges the district court's denial of his motion

to reduce his sentence pursuant to 18 U.S.C. § 3582, and the district court's denial

of his petition for a writ of *audita querela*.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court sentenced Beasley for conspiracy to distribute fifty kilograms or more of cocaine powder, not cocaine base, *see* U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 1987). Beasley was not indicted for conspiracy to distribute cocaine base, and the presentence report does not mention cocaine base. Therefore, Beasley's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009) (citation omitted); *see also* 18 U.S.C. § 3582(c)(2). The district court, therefore, properly denied Beasley's motion to reduce his sentence pursuant to 18 U.S.C. § 3582.[1]

For this same reason, the district court also properly denied Beasley's petition for a writ of *audita querela*. *See Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007).

**AFFIRMED.**

---

[1] Because Beasley was not entitled to resentencing, the district court was not required to apply *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to Beasley's sentence. *See Wesson*, 583 F.3d at 730; *see also United States v. Sanchez-Cervantes*, 282 F.3d 664, 673 (9th Cir. 2002), *as amended* (holding that *Apprendi* does not apply retroactively).