Ian Garriques, Assistant U.S., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Gary Lawrence Huss, Law Offices of Gary Huss, Fresno, CA, for Defendant–Appellant.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

## MEMORANDUM **

Edward Markham appeals from the 120–month sentence imposed following his jury-trial conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Markham contends that his sentence is unreasonable because the district court imposed an upward variance to the advisory Guidelines range, sentencing him to the statutory maximum of 120 months. The district court's reasons for imposing the sentence, which included Markham's extensive and violent criminal history, the need for deterrence, for just punishment, to promote respect for the law, and the need to protect the public, are sufficiently compelling justifications to support the degree of the variance. The sentence is substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51–52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see also United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc).

Markham also contends that the district court's sentence violated his right to due process because it was based on dismissed charges or charges that could not be sufficiently sustained with reports. This contention also fails as the record indicates that the district court properly considered this information as part of its overall analysis under 18 U.S.C. § 3553(a).

**AFFIRMED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph D. CLEMENTS, Defendant–Appellant.**

**No. 09–10153.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 26, 2010.

Peter Stuart Levitt, Esquire, Assistant U.S., USLV–Office of The U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Rene Valladares, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

### MEMORANDUM **

Joseph D. Clements appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 706 to the Sentence Guidelines provisions governing crack cocaine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Clements contends that the district court erred by denying his motion for a sentence reduction under Amendment 706 because his sentence was based, in part, on a sentencing range calculated under the Drug Quantity Table in U.S.S.G. § 2D1.1. This contention fails because Clements qualified as a career offender under U.S.S.G. § 4B1.1. Because the district court sentenced Clements based on a sentencing range calculated under § 4B1.1, he is not eligible for a sentence reduction under Amendment 706. *See United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

**AFFIRMED.**

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.