**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph JEFFERSON, Defendant–**
**Appellant.**

**No. 09–10111.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 26, 2010.

Gregory A. Brower, Esquire, U.S. Attorneys Office, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

MEMORANDUM **

Joseph Jefferson appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 706 to the Sentence Guidelines provisions governing crack cocaine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

510

Jefferson contends that the district court erred by denying his motion for a sentence reduction under Amendment 706 because his sentence was based, in part, on a sentencing range calculated under the Drug Quantity Table in U.S.S.G. § 2D1.1. This contention fails because Jefferson qualified as a career offender under U.S.S.G. § 4B1.1. Because the district court sentenced Jefferson based on a sentencing range calculated under § 4B1.1, he is not eligible for a sentence reduction under Amendment 706. *See United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

**AFFIRMED.**