**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50573 |
| Plaintiff - Appellee, | D.C. No. 2:96-cr-00493-WDK |
| v. | |
| ANDRES PUERTA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
William D. Keller, District Judge, Presiding

Submitted January 11, 2010 [**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Andres Puerta appeals from the district court's order denying his motion for

a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

EH/Research

application of Amendment 706 to the Sentence Guidelines provisions governing crack cocaine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Puerta contends that the district court erred by denying his motion for a sentence reduction under Amendment 706 because his sentence was based, in part, on a sentencing range calculated under the Drug Quantity Table in U.S.S.G. § 2D1.1. This contention fails because Puerta qualified as a career offender under U.S.S.G. § 4B1.1. Because the district court sentenced Puerta based on a sentencing range calculated under § 4B1.1, he is not eligible for a sentence reduction under Amendment 706. *See United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

**AFFIRMED.**