**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

HAROLD SIPAI,
            *Defendant-Appellant.*

No. 08-10300

D.C. No.
3:05-cr-00566-MMC

ORDER AND
OPINION

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted
March 9, 2009—San Francisco, California

Filed September 30, 2010

Before: Procter Hug, Jr. and Carlos T. Bea, Circuit Judges,
and Nancy G. Edmunds,* District Judge.

Opinion by Judge Hug

*The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

16699

**COUNSEL**

Rebecca Sullivan Silbert, Federal Public Defender, Oakland, California, for the appellant.

Tracie L. Brown, Assistant United States Attorney, San Francisco, California, for the appellee.

**ORDER**

The opinion filed September 24, 2009, and appearing at 582 F.3d 994 (9th Cir. 2009), is withdrawn. It may not be cited as precedent by or to this court or any district court of the Ninth Circuit.

The petition for rehearing is DENIED. A new opinion is filed concurrently with this order.

**OPINION**

HUG, Circuit Judge:

Harold Sipai appeals from the district court's denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). The district court held that it lacked jurisdiction to reduce Sipai's sentence. Because the sentencing court rejected Sipai's applicable guidelines range, and reduced Sipai's sentence pursuant to the 18 U.S.C. § 3553 factors, any further reduction must be consistent with the Sentencing Commission's policy statements. Under *United States v. Leniear*, 574 F.3d 668, 674 (9th Cir. 2009), consistency with the

policy statements is a mandatory condition on such a sentencing reduction.

The details of the guilt phase of Sipai's proceedings are irrelevant to his appeal except to say that the court convicted him of being a felon in possession of a firearm and possessing eighteen grams of cocaine base with intent to distribute, in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1), respectively. The pre-sentencing report determined that these convictions constituted an Offense Level of 28. At the time of his conviction, Sipai had an extensive criminal history, including state convictions for attempted robbery, battery, transporting or selling a controlled substance, and possession of cocaine base for sale, among others. As such, the pre-sentencing report stated that Sipai's Criminal History Category was VI, either as a career offender under United States Sentencing Guidelines § 4B1.1 or because he had 23 criminal history points under § 4A1.1. Because his criminal history qualified Sipai as a career offender under § 4B1.1, the pre-sentence report recommended replacing his Offense Level of 28 with the applicable career offender Offense Level of 34. The pre-sentencing report concluded that Sipai's applicable guidelines range would be 262 to 327 months.

At the sentencing hearing, the court mostly agreed with the pre-sentencing report but, based on Sipai's argument to the court, found that Sipai should receive a two-point reduction of his Offense Level for acceptance of responsibility. The court calculated Sipai's applicable guidelines range as 210 to 262 months. Then the court considered the sentencing factors in 18 U.S.C. § 3553, including the nature of Sipai's offense, his criminal record, and the sentences imposed on defendants found guilty of similar crimes. The court also considered that Sipai reportedly had a low IQ and that he had only a small amount of drugs "relative to what often is the case for people who are receiving substantially lesser sentences."

After considering those factors, the court rejected the calculated guidelines range and suggested that an appropriate sen-

tence would be 144 months, or 12 years. Both Sipai and the government submitted without further argument. The court sentenced Sipai to 144 months for possession of cocaine base with intent to sell, and a concurrent sentence of 120 months for being a felon in possession of a firearm. The court also imposed concurrent terms of supervised release.

Effective November 1, 2007, the Sentencing Commission amended the guidelines to alleviate some of the disparity in sentencing for offenses involving crack cocaine and powder cocaine. U.S.S.G. Supp. to App'x C, Amends. 706 & 711. The Commission made the amendments retroactively applicable, effective March 3, 2008, by including them in § 1B1.10(c). *Id.* Amend. 713. Based on these amendments, Sipai filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence. The government opposed Sipai's motion; it contended that the court did not have jurisdiction to reduce his sentence. The court determined that its sentencing decision was not based on a departure under the guidelines, but was a discretionary application of the § 3553 factors, and concluded that it did not have jurisdiction to consider modifying the sentence.

**[1]** This court has adopted two conditions, based on the statutory language of § 3582(c)(2), that must be met before a court can consider a defendant's motion for a reduction of sentence: "(1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'; and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' " *Leniear*, 574 F.3d at 673 (quoting 18 U.S.C. § 3582(c)(2)). The applicable policy statement is U.S.S.G. § 1B1.10, in which the Sentencing Commission expressly limited the extension of sentencing reductions, by stating: "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduc-

tion *generally* would not be appropriate." U.S.S.G. § 1B1.10(b)(2)(B) (emphasis added).

**[2]** By stating that the policy statement is "generally" not applicable this leaves discretion with the district judge to determine its applicability. We remand to the district judge to make this determination. We need not address the first question until that determination is made.

**REMANDED.**