**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30200 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-05350-RBL-9 |
| v. | |
| TIMOTHY DILLON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted October 8, 2010[**]
Seattle, Washington

Before: THOMAS and M. SMITH, Circuit Judges, and COLLINS, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Defendant-Appellant Timothy Dillon appeals an order of the United States District Court for the Western District of Washington denying his motion for a reduction of his 97-month sentence for drug-related offenses. After his guilty plea in 2006, this Court affirmed Dillon's conviction and above-Guidelines sentence. *United States v. Dillon*, 244 F. App'x 152, 155-56 (9th Cir. 2007). Dillon subsequently filed a *pro se* application with the district court to reduce his sentence on account of the Sentencing Commission's amendments to the Guidelines, which reduced the crack-cocaine offense levels. *See* United States Sentencing Guidelines Manual (U.S.S.G.) app. C, amdt. 706 (2007). The parties are presumed to be familiar with the remaining facts, and we do not recount them here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

There are two issues: (1) the government challenges the district court's jurisdiction to consider Dillon's § 3582(c)(2) application on the grounds that reducing an above-Guidelines sentence is inconsistent with the Sentencing Commission's policy statements; and (2) Dillon asserts that the district court abused its discretion in refusing to modify his sentence.

## 1. District Court's Jurisdiction

"We review *de novo* whether a district court has jurisdiction to resentence a defendant under 18 U.S.C. § 3582." *United States v. Tupuola*, 587 F.3d 1025, 1027 (9th Cir. 2009) (citing *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009)). Although the Government did not advance its jurisdictional argument in the district court, because it presents a jurisdictional question, we may consider it. *See United States v. Powell*, 24 F.3d 28, 30 (9th Cir. 1994) ("[W]e review questions of jurisdiction even if raised for the first time on appeal.").

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). "However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Wesson*, 583 F.3d at 728.

The argument advanced by the government is based primarily on this court's now withdrawn and superseded opinion in *United States v. Sipai*, 582 F.3d 994 (9th Cir. 2009), *withdrawn and superseded*, --- F.3d ----, 2010 WL 3785527, at *2

(9th Cir. Sept. 30, 2010). In the original *Sipai* decision, we affirmed a district court's determination that it lacked jurisdiction to consider a sentence-reduction motion from a defendant who had already received a below-Guidelines sentence based on the 18 U.S.C. § 3553 factors. 582 F.3d at 996-97. The first *Sipai* decision was based on the Sentencing Commission's policy statement that "if the original term of imprisonment constituted a non-[G]uideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." *Sipai*, 582 F.3d at 996 (citing U.S.S.G. § 1B1.10(b)(2)(B)).

In amending *Sipai*, this court clarified that district courts have "discretion" to consider a § 3582(c)(2) reduction when a defendant received a discretionary below-Guidelines sentence. 2010 WL 3785527, at *2. Our modification recognizes that the Sentencing Commission's use of the modifier "generally" is not consistent with a categorical jurisdictional bar. *Id.*

In light of the recent *Sipai* decision, the Government's jurisdictional argument is on soft ground–we can discern no meaningful distinction between reducing a below-Guidelines and reducing an above-Guidelines sentence. Regardless, Dillon independently satisfies both prongs for § 3582(c)(2) jurisdiction. First, his original sentence was based on a Guidelines sentencing

4

range which has now been lowered,[1] as opposed to a statutory minimum, plea agreement, or other sentencing consideration. *See, e.g.*, *Wesson*, 583 F.3d at 731 (holding there was no jurisdiction under § 3582(c)(2) when the district court applied U.S.S.G. § 4B1.1's alternative sentencing scheme); *United States v. Bride*, 581 F.3d 888, 891 (9th Cir. 2009) (finding no jurisdiction where sentence was imposed pursuant to a plea agreement); *United States v. Jackson*, 577 F.3d 1032, 1035-36 (9th Cir. 2009) (finding no jurisdiction where district court "used the mandatory minimum, not the Sentencing Guidelines range, as the starting point for determining [the defendant's] sentence"). Second, Dillon's petition is not contrary to the Sentencing Commission's policy statements because he is not seeking a "further" reduction in his sentence. Indeed, because his 97-month sentence is above the Guidelines, this would be his "first" reduction. Accordingly, Dillon's application presents no jurisdictional concerns.

---

[1] *See Dillon*, 244 F. App'x at 155 ("After . . . calculating Dillon's Guidelines range to be between 63 and 78 months, . . . [t]he district court then sentenced Dillon to 97 months incarceration, explaining that this was a sufficiently 'long time' to reflect the 'extremely serious' nature of the offense, to 'protect the public from further crimes and to [provide an] adequate deterrent from criminal conduct generally.'").

## 2. Denial of Dillon's Motion

We review a district court's decision to deny a § 3582(c)(2) motion for abuse of discretion. *United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009). To comply with § 3582(c)(2), the district court must:

> (1) determine whether the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)"; (2) "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable"; and (3) determine whether "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Id.* at 1126 (brackets in original) (quoting 18 U.S.C. § 3582(c)(2)).

Although the district court's initial order denying Dillon's motion without explanation is troubling, the amplifications provided by the court in its denial of Dillon's motion for reconsideration amply support its decision. Notably, the district court noted that "the reasons for the original sentence remain," thus carrying forward its prior findings about the gravity of Dillon's crimes. The court also properly analyzed Dillon's motion against the backdrop of § 3553(a), speaking of the seriousness of the offense, Dillon's role, and the need for deterrence. *See* 18 U.S.C. § 3553(a)(1) (nature and circumstances of the offense); *id.* § 3553(a)(2)(A) (seriousness of the offense); *id.* § 3553(a)(2)(B) (deterrence).

6

Moreover, there was no need for the district court to specifically tackle each of Dillon's arguments given that the reasonableness of Dillon's sentence was already confirmed by the prior appeal. *See Dillon*, 244 F. App'x at 155 ("[The district court] justified the sentence by referencing a number of case-specific facts regarding Dillon's 'history and characteristics' and the seriousness of Dillon's offense, as well as by referencing at least two other factors listed in 18 U.S.C. § 3553(a).") (internal references omitted). In light of the Supreme Court's admonition that § 3582(c)(2) is not a "plenary resentencing proceeding" *Dillon v. United States*, 130 S. Ct. 2683, 2691–92 (2010), the district court committed no error in denying Dillon's motion.

**AFFIRMED.**