**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10311 |
| Plaintiff - Appellee, | D.C. No. 2:06-CR-00246-WBS |
| v. | |
| LEE ANDREW EDDINS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Lee Andrew Eddins appeals from the district court's order denying his

motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) .  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Eddins contends that the district court erred by failing to reduce his 158

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

month sentence pursuant to Amendment 706 to the United States Sentencing Guidelines, which lowered the sentencing range for offenses involving crack cocaine. The district court did not err by concluding that it lacked jurisdiction to modify Eddins' sentence because, notwithstanding the fact that he received a downward departure for substantial assistance, his ultimate sentence was determined using the career offender guideline as the starting point. Thus, Eddins' sentence is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by § 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009); *see also United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

Furthermore, the district court did not err by denying as moot the government's motion to withdraw from the parties' stipulated motion.

**AFFIRMED.**