NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30371 |
| Plaintiff - Appellee, | D.C. No. 2:01-cr-00132-FVS |
| v. | |
| KELVIN RENARD JOHNSON, a.k.a. Boo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Kelvin Renard Johnson appeals pro se from the district court's order

denying his motion to modify his term of imprisonment under 18 U.S.C.

§ 3582(c)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Johnson contends that he was eligible for a sentence reduction based on the retroactive amendments to the Sentencing Guidelines that reduced the base offense levels in U.S.S.G. § 2D1.1 applicable to crack cocaine offenses. The district court lacked jurisdiction to modify Johnson's sentence because the sentence, pursuant to the terms of the plea agreement, was based on the career offender provision, U.S.S.G. § 4B1.1, not section 2D1.1. *See* 18 U.S.C. § 3582(c)(2); *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

Johnson nonetheless argues that his decision to enter into the plea agreement was influenced by the sentencing framework that was later changed by the crack cocaine amendments. Even assuming the truth of this contention, section 3582(c) does not afford a basis for relief. *See Wesson*, 583 F.3d at 732 ("The only question that matters in determining the applicability of [the crack cocaine amendments] is whether [the] sentence is 'based on' § 2D1.1.").

**AFFIRMED.**