**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30064 |
| Plaintiff - Appellee, | D.C. No. 3:93-cr-02090-RJB |
| v. | |
| VINCENT GAMBOA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Vincent Gamboa appeals pro se from the district court's order denying his

18 U.S.C. § 3582(c)(2) motion for reduction of sentence, and from the district

court's denial of his motion for reconsideration of that order. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Gamboa contends that he is eligible for a sentence reduction under Amendment 750 to the Guidelines, which changed the drug quantity table in U.S.S.G. § 2D1.1 for offenses involving crack cocaine. Gamboa was sentenced as a career offender under U.S.S.G. § 4B1.1. He nevertheless maintains that, because Amendment 750 is ambiguous, the rule of lenity permitted the district court to reduce his sentence. Even assuming the rule of lenity can be applied to a Guidelines amendment, this argument fails. Gamboa has not shown that there is any ambiguity in Amendment 750 or the Fair Sentencing Act, under which the amendment was promulgated, with respect to their effect on the career offender provision. *See United States v. Bland*, 961 F.2d. 123, 128 (9th Cir. 1992) ("The rule of lenity does not permit us to create an ambiguity where none exists."). Because Gamboa's sentence was not "based on" a Guidelines range that has been lowered, the district court did not err by denying his motion for reduction of sentence. *See* 18 U.S.C. § 3582(c)(2); *United States v. Wesson*, 583 F.3d 728, 731-32 (9th Cir. 2009).

**AFFIRMED.**