**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50112 |
| Plaintiff - Appellee, | D.C. No. 2:94-cr-00628-CBM |
| v. | |
| ANTHONY HENRY, a.k.a. Chris Gadlin, a.k.a. Rickie Grant, a.k.a. Hippo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Anthony Henry appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under

28 U.S.C. § 1291. We review de novo whether a district court has authority to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

modify a sentence under section 3582, *see United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009), and we affirm.

Henry contends that he is eligible for a sentence reduction under Amendment 750, which amended the drug quantity table in U.S.S.G. § 2D1.1 for offenses involving crack cocaine. However, Henry was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Therefore, his sentence was not based on a Guidelines range that has been lowered, and the district court lacked authority to modify his sentence. *See* 18 U.S.C. § 3582(c)(2); *Wesson*, 583 F.3d at 731-32.

Because Henry cannot satisfy the first prong of section 3582(c)(2), we need not consider his remaining claims, including his ex post facto challenge to U.S.S.G. § 1B1.10 and his eligibility for a sentence modification under the second prong of section 3582(c)(2).

**AFFIRMED.**