**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50434 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00599-GPS |
| v. | |
| JAMES DEMMONS, a.k.a. James Anderson, a.k.a. Craig, A.k.a. James Demmond, a.k.a. Rupert Demmons, a.k.a. James Hughes, a.k.a. James David Hughes, a.k.a. James Paul Rubert, a.k.a. James David Summers, a.k.a. Van Demmons, a.k.a. Van Dillion, a.k.a. James Van Huges, a.k.a. Van Wright, a.k.a. Craig Wright, a.k.a. James Wright, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted February 18, 2014**

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

James Demmons appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has authority to modify a sentence under section 3582, *see United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009), and we affirm.

Demmons contends that he is entitled to a sentence reduction under the Fair Sentencing Act of 2010 and subsequent amendments to the Sentencing Guidelines. However, as Demmons concedes, he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Therefore, his sentence was not based on a Guidelines range that has been lowered, and the district court lacked authority to reduce his sentence. *See* 18 U.S.C. § 3582(c)(2); *Wesson*, 583 F.3d at 731-32. Because Demmons cannot satisfy the first prong of section 3582(c)(2), we need not consider his arguments related to his eligibility for a sentence modification under the second prong of section 3582(c)(2), including the application of U.S.S.G. § 1B1.10.

Demmons also contends that the denial of a sentence modification based on the Fair Sentencing Act violated his right to equal protection of the law. As he concedes, this contention is foreclosed. *See United States v. Baptist*, 646 F.3d 1225, 1228-29 (9th Cir. 2011) (per curiam).

**AFFIRMED.**