FILED

**NOT FOR PUBLICATION**

FEB 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50523 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-01291-DSF |
| v. | |
| DANNY PURVIS, a.k.a. Danny, a.k.a. Danny Boy, a.k.a. Keys, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 18, 2014[**]

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Danny Purvis appeals from the district court's order denying his motion for

a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28

U.S.C. § 1291. We review de novo whether a district court has authority to modify

a sentence under section 3582, *see United States v. Wesson*, 583 F.3d 728, 730 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2009), and we affirm.

Purvis contends that he is entitled to a sentence reduction under the Fair Sentencing Act of 2010 and subsequent amendments to the Sentencing Guidelines. However, as Purvis concedes, he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Therefore, his sentence was not based on a Guidelines range that has been lowered, and the district court lacked authority to reduce his sentence. *See* 18 U.S.C. § 3582(c)(2); *Wesson*, 583 F.3d at 731-32. Because Purvis cannot satisfy the first prong of section 3582(c)(2), we need not consider his arguments related to his eligibility for a sentence modification under the second prong of section 3582(c)(2), including the application of U.S.S.G. § 1B1.10.

Purvis also contends that the denial of a sentence modification based on the Fair Sentencing Act violated his right to equal protection of the law. As he concedes, this contention is foreclosed. *See United States v. Baptist*, 646 F.3d 1225, 1228-29 (9th Cir. 2011) (per curiam).

**AFFIRMED.**