**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10373 |
| Plaintiff - Appellee, | D.C. No. 2:97-cr-00040-WBS |
| v. | |
| LEONEL RIVERA, a.k.a. Leonal Rivera, a.k.a. Ruben Soliz, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Leonel Rivera appeals from the district court's order denying his motion for

a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Rivera contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. Reviewing de novo, *see United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009), we agree with the district court that because Rivera was sentenced as a career offender, it lacked authority to reduce his sentence. *See id.* at 731-32.

Rivera contends, however, that had the district court properly applied *Apprendi v. New Jersey*, 530 U.S. 466 (2000), at his original sentencing hearing, it would have been required to use the base offense level stated in U.S.S.G. § 2D1.1, rather than U.S.S.G. § 4B1.1, thereby entitling him to the benefit of the changes to section 2D1.1, despite his career offender status. Even accepting all of this as true, Rivera cannot prevail. Amendment 782 made no changes to the base offense level under section 2D1.1 for the drug quantity involved in Rivera's offense. *See* U.S.S.G. 2D1.1(c)(3) (2015). Rivera's claim depends entirely on the alleged *Apprendi* violation, which cannot be raised in a 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (errors that occurred at the original sentencing are "outside the scope of the proceeding authorized by § 3582(c)(2)").

**AFFIRMED.**

15-10373