FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff-Appellee,<br><br>  v.<br><br>LOUIS JAMES ROMERO,<br><br>            Defendant-Appellant. | No.  16-30007<br><br>D.C. No. 4:12-cr-00051-BMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Louis James Romero appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Romero's request for oral argument is denied.

Romero contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2). *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). Because Romero was sentenced as a career offender under U.S.S.G. § 4B1.1, the district court correctly determined that he is not eligible for a sentence reduction. *See id.*

Contrary to Romero's argument, the district court adequately explained its determination and it had no cause to consider the 18 U.S.C. § 3553(a) sentencing factors. *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (only if defendant is eligible for a sentence reduction does the district court proceed to the step of considering the section 3553(a) sentencing factors). Romero's arguments that he should not have been sentenced as a career offender and that the district court violated double jeopardy when it enhanced his sentence based on a prior conviction are not cognizable in section 3582(c)(2) proceedings. *See Dillon*, 560 U.S. at 831.

**AFFIRMED.**

16-30007