**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50133 |
| Plaintiff-Appellee, | D.C. No. 3:05-cr-01972-H |
| v. | |
| HERMAN WILLIAM RAEL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Herman William Rael appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rael contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2). *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). Rael was sentenced as a career offender under U.S.S.G. § 4B1.1. Thus, his sentence was not "based on" a Guideline that was lowered by Amendment 782. *See* 18 U.S.C. § 3582(c)(2); *Wesson*, 583 F.3d at 731. Further, insofar as Rael contends that the district court erred when it determined that he was a career offender, this claim is not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (alleged sentencing errors are "outside the scope of the proceeding authorized by § 3582(c)(2)").

**AFFIRMED.**

16-50133