**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10100 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00078-JAM |
| v. | |
| WILLIAM STRONG, a.k.a. Wee Wee Strong, a.k.a. William Henry Strong, a.k.a. Wee Wee, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

William Strong appeals from the district court's denial of his amended motion pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Strong contends that he is eligible for a sentence reduction under Amendment 782 to the Guidelines because recent California state court orders, which reclassified his previous drug felony convictions as misdemeanors, have affected his designation as a career offender. We review de novo whether the district court had authority to reduce a defendant's sentence under section 3582. *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).

Strong's challenge to his career offender designation is not cognizable under section 3582(c)(2), which authorizes sentencing reductions solely where the defendant's Guidelines range has been lowered by an amendment to the Guidelines. *See* U.S.S.G. § 1B1.10(a)(1), (b)(1); *Dillon v. United States*, 560 U.S. 817, 831 (2010). The district court properly concluded that Strong was ineligible for a reduction because Amendment 782 did not affect his status as a career offender, and therefore did not lower his Guidelines range. *See United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

**AFFIRMED.**