**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-10003 |
| Plaintiff-Appellee, | D.C. No. 3:98-cr-00133-CRB-3 |
| v. | |
| SOCORRO LOYA-CHAVEZ, AKA Carlos Guerro, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Socorro Loya-Chavez appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *see United States v.

Wesson*, 583 F.3d 728, 730 (9th Cir. 2009), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Loya-Chavez contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. Contrary to his assertion, Loya-Chavez was not sentenced under U.S.S.G. § 2D1.1, but rather was sentenced as a career offender under U.S.S.G. § 4B1.1. Therefore, his sentence was not "based on" a Guidelines range that was lowered by Amendment 782, and he is ineligible for a sentence reduction. *See* 18 U.S.C. 3582(c)(2); *Wesson*, 583 F.3d at 731.

In light of this disposition, we do not reach the government's alternative argument.

**AFFIRMED.**