**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

       v.

TALATONU TUPUOLA,

       *Defendant-Appellant.*

No. 08-10422

D.C. No.
1:99-CR-00450-
HG-HG-1

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

       v.

MAAVE MAAVE, JR.,

       *Defendant-Appellant.*

No. 09-10092

D.C. No.
1:00-CR-00174-
DAE

OPINION

Appeal from the United States District Court
for the District of Hawaii
David Alan Ezra, District Judge, Presiding

Argued and Submitted
October 14, 2009—Honolulu, Hawaii

Filed November 24, 2009

Before: Robert R. Beezer, Susan P. Graber and
Raymond C. Fisher, Circuit Judges.

15561

Opinion by Judge Beezer

**COUNSEL**

Alexander Silvert, First Assistant Federal Defender, Honolulu, Hawaii, for the defendants-appellants.

Beverly Wee Sameshima and Michael K. Kawahara, Assistant United States Attorneys, Honolulu, Hawaii, for the plaintiff-appellee.

**OPINION**

BEEZER, Circuit Judge:

Appellants Talatonu Tupuola and Maave Maave, Jr., appeal district court denials of their motions for sentence reductions under 18 U.S.C. § 3582(c)(2). Both Tupuola and Maave were sentenced under the "career offender" United States Sentencing Guidelines ranges contained in U.S.S.G. § 4B1.1. Tupuola and Maave contend that they should each be entitled to a sentence rehearing because at trial they sought downward departures due to the disparity between the crack cocaine Guidelines ranges contained in U.S.S.G. § 2D1.1 and the career offender Guidelines ranges. They make this argument even though the district court refused to depart from the Guidelines and sentenced them within the applicable career offender Guidelines ranges. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We hold that the district

court correctly declined to reduce appellants' sentences. Tupuola's and Maave's sentences were not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

# I

Although Tupuola and Maave were individually arrested, convicted and sentenced, their stories are notably similar. On September 9, 1999, Tupuola was arrested pursuant to a warrant alleging that he had sold crack cocaine within 1000 feet of a school or public housing development. Tupuola was subsequently charged, pursuant to 21 U.S.C. §§ 841(a)(1), 860(a), in a single-count indictment with knowingly and intentionally possessing with the intent to distribute cocaine base within 1000 feet of a school or public housing development. Tupuola pleaded guilty without a plea agreement.

According to the Presentence Investigation Report, Tupuola would have had a total offense level of 17 and a criminal history category of VI. That combination would have resulted in a Guidelines sentencing range of 51 to 63 months. Tupuola, however, qualified as a career offender under Chapter IV of the Guidelines due to his six prior felonies, including robbery and terroristic threatening. Pursuant to U.S.S.G. § 4B1.1, this classification raised Tupuola's total offense level from 17 to 31, resulting in a new Guidelines sentencing range of 188 to 235 months.

Both prior to sentencing and at his sentence hearing on April 24, 2000, Tupuola requested a downward departure from the career offender Guidelines range by noting, among other things, the large disparity between the crack cocaine Guidelines range and the applicable career offender Guidelines range. The district court acknowledged that it had discretionary authority to depart from the career offender Guidelines range, but elected not to exercise that authority. Tupuola was sentenced to 188 months in prison, the lowest

amount within the applicable career offender Guidelines range.

Maave's situation follows a similar path. On June 23, 2000, Maave pleaded guilty without a plea agreement to one count of possessing with the intent to distribute 0.124 grams of crack cocaine within 1000 feet of a playground. Were it not for the career offender provisions, the Presentence Investigation Report would have placed Maave's total offense level at 12 with a criminal history category of IV, ultimately leading to an advisory Guidelines sentencing range of 21 to 27 months.

Like Tupuola, however, Maave fell within the scope of the career offender provisions of U.S.S.G. § 4B1.1 due to his prior criminal history, including multiple robbery convictions. His offense level was thereby increased from 12 to 31, his criminal history category was increased from IV to VI and his Guidelines sentencing range was increased to 188 to 235 months.

Maave requested, both prior to sentencing and at his sentencing on January 24, 2001, a downward departure from the career offender Guidelines range on the basis of the large disparity between the standard crack cocaine Guidelines range and the career offender Guidelines range. The district court considered and denied his request, ultimately sentencing Maave within the career offender Guidelines range to 188 months in prison.

Several years after Tupuola and Maave were sentenced, the United States Sentencing Commission adopted Amendment 706. Amendment 706 addressed the sentencing disparity between offenses involving crack cocaine and powder cocaine by reducing the base offense level for crack cocaine offenses by two levels under U.S.S.G. § 2D1.1. *See generally Kimbrough v. United States*, 552 U.S. 85, 94-100 (2007) (detailing the changes in the treatment of crack and powder cocaine

under the Guidelines). On March 3, 2008, Amendment 706 was made to apply retroactively. *See* U.S.S.G. § 1B1.10(c); *see also United States v. Leniear*, 574 F.3d 668, 672-73 (9th Cir. 2009). In light of this retroactive amendment, Tupuola and Maave individually filed motions in federal district court to have their sentences reduced pursuant to 18 U.S.C. § 3582(c)(2). The government opposed their motions, arguing that the district court lacked jurisdiction to reduce their sentences. The district court ultimately agreed and denied each of appellants' motions for resentencing, holding that Tupuola's and Maave's sentences were "based on" the career offender Guidelines ranges and not on the later-amended crack cocaine Guidelines ranges. Their appeals timely followed.

## II

We review de novo whether a district court has jurisdiction to resentence a defendant under 18 U.S.C. § 3582. *Leniear*, 574 F.3d at 672.

## III

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). An exception to this general prohibition is provided by 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Tupuola and Maave argue that the district court erred by holding that it lacked jurisdiction to resentence the appellants because the court concluded that their sentences were not "based on" a sentencing range that has subsequently been lowered. Tupuola and Maave urge us to hold that their sentences were, at least in part, based on the subsequently amended crack cocaine Guidelines ranges because Tupuola and Maave emphasized, both before sentencing and at their sentence hearings, the disparity between the crack cocaine Guidelines ranges and the career offender Guidelines ranges.

[1] We decline to accept this invitation. We have recently held that career offenders sentenced pursuant to § 4B1.1 are not eligible for sentence reductions because of Amendment 706. *United States v. Wesson*, No. 08-30177, 2009 WL 3336020, at *3-4 (9th Cir. Oct. 19, 2009). The mere fact that the district court considered the difference between the crack cocaine Guidelines ranges and the career offender Guidelines ranges is insufficient to make Tupuola's and Maave's sentences "based on" the crack cocaine Guidelines ranges. District courts frequently consider and reject arguments without basing the sentence on those arguments, as the district court did here with Tupuola's and Maave's contentions. In the instant cases, the district court's decisions were clearly "based on" the applicable career offender Guidelines range. To hold otherwise would unreasonably extend the meaning of "based on." Our decision is in accord with precedent from this circuit refusing to expand the understanding of "based on." *See, e.g.*, *United States v. Bride*, 581 F.3d 888, 891 (9th Cir. 2009) (holding that the mere fact that "the parties to a plea agreement considered the Guidelines in recommending a sentence" does not make a sentence "based on" subsequently amended Guidelines ranges).

**AFFIRMED.**