**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

    v.

GEARY WAYNE WATERS,
          *Defendant-Appellant.*

No. 10-50256

D.C. No.
5:00-cr-00016-RT-1

OPINION

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, District Judge, Presiding

Argued and Submitted
May 4, 2011—Pasadena, California

Filed August 19, 2011

Before: Harry Pregerson, Raymond C. Fisher and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Fisher

11147

---

## COUNSEL

Sean K. Kennedy, Federal Public Defender and Carlton F. Gunn (argued), Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

André Birotte Jr., United States Attorney, Robert E. Dugdale and Rosalind Wang (argued), Assistant U.S. Attorneys, Los Angeles, California, for the plaintiff-appellee.

---

## OPINION

FISHER, Circuit Judge:

We hold that, when determining a sentencing range under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.10(b), a district court may apply the offense level dictated by the career offender guideline, U.S.S.G. § 4B1.1, even if the district court did not apply the § 4B1.1 offense level at the defendant's original sentencing, so long as the court determined at the original sentencing that the defendant was a career offender. Applying that rule here, we affirm the district court's dismissal of the defendant's motion for a reduction of sentence.

### BACKGROUND

### *2002 Sentencing*

Geary Waters was convicted of one count of possession with intent to distribute cocaine base (i.e., crack cocaine) and

one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). At his original sentencing in 2002, the district court calculated Waters' sentencing range as follows.

The court first determined Waters' offense level and criminal history category without consideration of the career offender guideline, U.S.S.G. § 4B1.1. Using the drug quantity table in U.S.S.G. § 2D1.1(c) and the enhancement for use of a minor under U.S.S.G. § 3B1.4, the court calculated a total offense level of 38. This offense level was based on a base offense level of 36 under the drug quantity table and a two-level enhancement for use of a minor under § 3B1.4. The court also assessed a criminal history category of V.

The court then considered the effect of the career offender provision, § 4B1.1. The court determined that Waters qualified as a career offender. As a result, the career offender guideline automatically raised Waters' criminal history category to VI. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). The career offender guideline did not change Waters' total offense level, however. Although § 4B1.1(b) specified an offense level of 37, *see id.*, that offense level did not apply because it was not greater than the offense level of 38 under §§ 2D1.1 and 3B1.4. *See id.* ("[I]f the offense level for a career offender from the table in this subsection is *greater* than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." (emphasis added)).

Consequently, after taking the career offender guideline into account, Waters' total offense level was 38 (from §§ 2D1.1(c) and 3B1.4) and his criminal history category was VI (from § 4B1.1(b)). This resulted in a sentencing range of 360 months to life. *See* Sentencing Table, U.S.S.G. ch. 5, pt. A. The court imposed a sentence at the low end of that range.

*Amendment 706*

In 2007, the United States Sentencing Commission adopted Amendment 706, which "addressed the sentencing disparity between offenses involving crack cocaine and powder cocaine by reducing the base offense level for crack cocaine offenses by two levels under U.S.S.G. § 2D1.1." *United States v. Tupuola*, 587 F.3d 1025, 1027 (9th Cir. 2009). The Commission made Amendment 706 retroactive in 2008. *See id.*

In light of this retroactive amendment, Waters filed a motion in federal district court to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2), which permits a court to modify a sentence when certain requirements are satisfied. The district court dismissed the motion for lack of jurisdiction. Waters timely appealed. Reviewing de novo, *see id.*, we affirm.

## DISCUSSION

## I.

**[1]** A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). An exception to this general prohibition is provided by 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This provision allows a modification of a term of imprisonment if two requirements are satisfied: "(1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'; and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' " *United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)).

Waters argues that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" because his sentence was based on an offense level of 36 under the drug quantity table that, under Amendment 706, has been lowered to 34. He contends that, had he been sentenced under the current regime: his base offense level, under § 2D1.1(c), would have been 34; his total offense level, after application of the two-level enhancement under § 3B1.4, would have been 36; and his criminal history category, from § 4B1.1(b), would have remained VI — resulting in a sentencing range of 324 to 405 months. Because that sentencing range is lower than his range without Amendment 706, he contends that he is eligible for a reduction in sentence.

**[2]** We disagree. We need not decide whether Waters satisfies the first requirement for a reduction in sentence because he does not satisfy the second requirement. The Sentencing Commission's applicable policy statement, U.S.S.G. § 1B1.10(b)(1), states:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amend-

ments listed in subsection (c) [i.e., Amendment 706] for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*

U.S.S.G. § 1B1.10(b)(1) (emphasis added). Under this provision, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) . . . if . . . an amendment . . . is applicable to the defendant *but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline* or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added).

**[3]** Here, had Waters been sentenced under Amendment 706, his sentencing range would have remained 360 months to life by operation of the career offender guideline, § 4B1.1(b). His offense level under §§ 2D1.1 and 3B1.4 would have been 36. His offense level and criminal history category under § 4B1.1 would have been 37 and VI respectively. Under those circumstances, the district court would have applied the career offender offense level of 37 and the career offender criminal history category of VI. *See* U.S.S.G. § 4B1.1(b). This calculation would have resulted in a sentencing range of 360 months to life — the same as his sentencing range at his original sentencing. *See* U.S.S.G. ch. 5, pt. A. He is therefore ineligible for relief under § 3582(c)(2). *Cf. Leniear*, 574 F.3d at 674 ("This application note perfectly describes the situation here — Amendment 706 applies to [the defendant] but does not have the effect of lowering his applicable guideline range because of the operation of U.S.S.G. § 3D1.4.").

Waters disputes that conclusion. He argues that, when determining the sentencing range that would have applied had Amendment 706 been in effect, we may not rely on the offense level specified by § 4B1.1(b) because the district

court did not apply that offense level at his original sentencing. He derives that proposition from the language of § 1B1.10(b), which, as we have noted, says that, in determining "the amended guideline range that would have been applicable to the defendant if the amendment[ ] . . . had been in effect at the time the defendant was sentenced . . . , the court . . . *shall leave all other guideline application decisions unaffected*" (emphasis added). Relying on the italicized language, Waters argues that "[a]pplying the career offender default offense level at the § 3582(c)(2) hearing in lieu of the offense level derived from § 2D1.1 and § 3B1.4[,] which was applied at the original sentencing[,] would violate the § 1B1.10 . . . instruction that courts 'leave all other guideline application decisions unaffected.' " Waters argues, in essence, that the district court's decision in 2002 to apply the total offense level from §§ 2D1.1 and 3B1.4 rather than the offense level from the career offender guideline, § 4B1.1(b), as mandated by § 4B1.1(b), constituted an "application decision" that must remain unaffected during the § 1B1.10(b) determination.

**[4]** We reject that contention. The district court's decision to apply the offense level from §§ 2D1.1 and 3B1.4 rather than § 4B1.1(b) was not an "application decision" within the meaning of § 1B1.10(b). It was an *application* of § 4B1.1(b). Indeed, contrary to Waters' contention, the "application decision" that *in fact* must remain unaffected in making the § 1B1.10(b) determination is the district court's decision that Waters qualifies as a career offender: the district court is *required* to apply § 4B1.1 when determining the sentencing range that would have applied had Amendment 706 been in effect at the time of Waters' original sentencing. That is the case because the court's decision to treat Waters as a career offender at the time of sentencing was a "guideline application decision" that remains unaffected by the Sentencing Commission's adoption of Amendment 706. Waters' contention is therefore without merit.

## II.

**[5]** Waters argues in the alternative that § 4B1.1 does not apply to the § 1B1.10 determination because he is not a career offender.[1] Waters, however, offers no authority for the proposition that a § 3582(c)(2) proceeding may be used to revisit a career offender determination. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); *see also United States v. Dunn*, 631 F.3d 1291, 1293 (D.C. Cir. 2011) ("[A] court's authority in a sentence-reduction proceeding is strictly limited to shortening the length of a prison term and does not extend to collateral matters unrelated to the Guidelines change."); *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) ("A § 3582(c)(2) motion is not the appropriate vehicle for raising [issues related to the original sentencing]." (alteration in original) (quoting *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994)) (internal quotation marks omitted)); *United States v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009) ("[The defendant] seeks to use a Section 3582(c) motion as an opportunity to challenge the appropriateness of the original sentence; he cannot do so. The career offender Guidelines have not been amended and, accordingly, [the defendant's] sentence falls outside the class of cases that a district court has jurisdiction to modify."). We therefore decline to reexamine Waters' status as a career offender.

## III.

**[6]** At the § 3582(c) hearing, the parties and the court focused their discussion on whether Waters was sentenced under the drug quantity guideline, § 2D1.1, or the career

---

[1]Waters argues that the career offender provision does not apply because his prior drug convictions were not "controlled substance offense[s]" as defined in U.S.S.G. § 4B1.2.

offender guideline, § 4B1.1. This debate appears to have been prompted by our statement in *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009), that these "two sentencing schemes are mutually exclusive." When we made that statement in *Wesson* we meant that the *offense levels* under § 2D1.1(c) and § 4B1.1(b) are mutually exclusive: if the offense level under § 2D1.1(c) is greater than or equal to the offense level under § 4B1.1(b), then the § 2D1.1(c) offense level must be applied. *See* U.S.S.G. § 4B1.1(b). If the offense level under § 2D1.1(c) is less than the offense level under § 4B1.1(b), then the offense level under § 4B1.1(b) must be applied. *See id. Wesson* does not preclude a district court from calculating a single sentencing range based on both of these provisions. A court may, for example, determine a sentencing range based on an offense level specified by § 2D1.1 and a criminal history category specified by § 4B1.1, as occurred here. Waters was sentenced under both of these guidelines provisions — and properly so.

Waters is therefore correct that he was sentenced in part based on the crack cocaine guidelines in § 2D1.1 that have now been revised. Nonetheless, he is ineligible for a reduction of sentence because "Amendment 706 has no effect on his applicable guideline range." *Wesson*, 583 F.3d at 732.

## CONCLUSION

**[7]** A reduction in Waters' sentence would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court therefore properly dismissed his motion for a reduction of sentence for lack of jurisdiction.

**AFFIRMED.**