**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30006 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-05051-RBL-1 |
| v. | |
| CARLOS GONZALEZ-CASTILLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 4, 2013[**]
Seattle, Washington

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Carlos Gonzalez-Castillo appeals the district court's order denying his

motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Section 3582(c)(2) allows a modification of a term of imprisonment when two requirements are satisfied: (1) the sentence is based on a sentencing range that subsequently has been lowered by the Sentencing Commission; and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See United States v. Waters*, 648 F.3d 1114, 1116 (9th Cir. 2011). Even assuming Gonzalez-Castillo could satisfy the first requirement, he cannot satisfy the second.

The applicable policy statement provides that a reduction in a defendant's term of imprisonment is not authorized if an amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). The term "applicable guideline range" refers to the defendant's guideline range *before* application of any departure or variance. *See United States v. Pleasant*, — F.3d. —, 2013 WL 11892, at *3 (9th Cir. Jan. 2, 2013). Gonzalez-Castillo's applicable guideline range before any variance was his career offender range under U.S.S.G. § 4B1.1. The Sentencing Commission's amendments to the Guidelines have not lowered his career offender range. Gonzalez-Castillo is therefore ineligible for a reduction of sentence.

Gonzalez-Castillo's ex post facto, Administrative Procedure Act and other statutory challenges to § 1B1.10 are waived because they are raised for the first

2

time in his reply brief. *See United States v. Anekwu*, 695 F.3d 967, 985 (9th Cir. 2012).

**AFFIRMED.**