**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVON DUCHAUNT JONES,

Defendant - Appellant.

No. 12-30226

D.C. No. 3:04-cr-00517-RE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
James A. Redden, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Devon Duchaunt Jones appeals pro se from the district court's order denying

his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jones contends that he is eligible for a sentence reduction because his Guideline range at sentencing was calculated under U.S.S.G. § 2D1.1 and that range was subsequently lowered by Amendment 750 to the Sentencing Guidelines. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2). *See United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013).

To determine whether a sentence reduction is warranted under section 3582(c)(2), the court must calculate the Guidelines range that would have been applicable to the defendant if the amendment had been in effect at the time the defendant was sentenced. *See* U.S.S.G. § 1B1.10(b)(1). Jones is a career offender and, had the amendment been in effect at his sentencing, the applicable Guidelines range would have been the career offender range. *See* U.S.S.G. § 4B1.1(b). That range is identical to the range used at his original sentencing. Therefore, Amendment 750 did not lower Jones's applicable Guidelines range, and he is ineligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(A); *United States v. Waters*, 648 F.3d 1114, 1116-17 (9th Cir. 2011).

In light of this disposition, we decline to reach Jones's remaining contentions.

**AFFIRMED.**