FILED

NOT FOR PUBLICATION

SEP 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30006 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-05051-RBL-1 Western District of Washington, Tacoma |
| v. | |
| CARLOS M GONZALEZ-CASTILLO, | ORDER |
| Defendant - Appellant. | |

Before: FISHER, GOULD and PAEZ, Circuit Judges.

The memorandum disposition filed February 7, 2013 is amended. An

amended memorandum disposition will be filed concurrently with this order.

The petitions for rehearing and rehearing en banc are otherwise

**DENIED**, and no further petitions for rehearing will be accepted.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30006 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-05051-RBL-1 |
| v. | |
| CARLOS GONZALEZ-CASTILLO, | AMENDED MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 4, 2013[**]
Seattle, Washington

Before: FISHER, GOULD and PAEZ, Circuit Judges.

The memorandum filed February 7, 2013, is amended below.

Carlos Gonzalez-Castillo appeals the district court's order denying his

motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Section 3582(c)(2) allows a modification of a term of imprisonment when two requirements are satisfied: (1) the sentence is based on a sentencing range that subsequently has been lowered by the Sentencing Commission; and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See United States v. Waters*, 648 F.3d 1114, 1116 (9th Cir. 2011). Even assuming Gonzalez-Castillo could satisfy the first requirement, he cannot satisfy the second.

The applicable policy statement provides that a reduction in a defendant's term of imprisonment is not authorized if an amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). The term "applicable guideline range" refers to the defendant's guideline range *before* application of any departure or variance. *See United States v. Pleasant*, 704 F.3d 808, 812 (9th Cir. 2013). Gonzalez-Castillo's applicable guideline range before any variance was his career offender range under U.S.S.G. § 4B1.1. The Sentencing Commission's amendments to the Guidelines have not lowered his career offender range. Gonzalez-Castillo is therefore ineligible for a reduction of sentence.

Gonzalez-Castillo's ex post facto and statutory challenges to § 1B1.10 are waived because they are raised for the first time in his reply brief. *See United*

*States v. Anekwu*, 695 F.3d 967, 985 (9th Cir. 2012). Even if not waived, *see*

*Rodriguez v. Hayes*, 591 F.3d 1105, 1118 n.6 (9th Cir. 2010), Gonzalez-Castillo

has not shown plain error. His ex post facto argument is in conflict with *United*

*States v. Trujillo*, 713 F.3d 1003, 1011-12 (9th Cir. 2013), where we agreed with

the government that a defendant "is not entitled to select only the favorable portion

of an amendment to a single Guideline and to disregard the unfavorable portion, so

long as his overall sentence is not increased beyond that originally imposed." His

statutory authority argument conflicts with the last clause in 18 U.S.C.

§ 3582(c)(2) and 28 U.S.C. § 994(u), each of which grants the Commission

authority to determine who is eligible for a reduction in sentence.

**AFFIRMED.**