**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10616 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-01116-RCC-CRP-1 |
| v. | |
| NICOLAS MUNOZ-CANDELARIO, AKA Nicolas Munoz-Feliz, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted September 16, 2015**
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

Nicolas Munoz-Candelario appeals from the 63-month sentence imposed

following his guilty-plea conviction for conspiracy to possess with intent to sell

between 50 and 100 kg of marijuana under 21 U.S.C. §§ 846, 841(a)(1),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

841(b)(1)(c), possession with intent to sell between 50 and 100 kg of marijuana under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and illegal reentry under 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2).

1. The district court did not improperly rely on 2001 and 2004 convictions listed in the presentence report ("PSR") as part of Munoz-Candelario's criminal history. Munoz-Candelario never objected to the contents of the PSR. "[T]he district court may rely on undisputed statements in the PSR at sentencing." *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc); *see also* Fed. R. Crim. P. 32(i)(3)(A) (providing that a sentencing court "may accept any undisputed portion of the presentence report as a finding of fact"). The district court therefore properly relied on the criminal history set out in the PSR.

2. The district court properly grouped the illegal reentry conviction separately from the drug convictions in calculating the offense level. "The federal sentencing guidelines require 'that [a]ll counts involving substantially the same harm . . . be grouped together into a single Group for purposes of calculating the offense level pertaining to a multiple-count conviction." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1193 (9th Cir. 2011) (quoting *United States v. Nanthanseng*, 221 F.3d 1082, 1083 (9th Cir. 2000) (some internal quotation marks omitted)). "For offenses in which there are no identifiable victims (e.g., drug or

2

immigration offenses, where society at large is the victim), the 'victim' for purposes of subsections (a) and (b) is the societal interest that is harmed. In such cases, the counts are grouped together when the societal interests that are harmed are closely related." U.S.S.G. § 3D1.2 cmt. n.2.

Here, the societal interests are distinct. "The societal interest directly threatened by violations of drug laws such as 21 U.S.C. § 841(a)(1) . . . is the interest in 'drug abuse prevention.'" *Nanthanseng*, 221 F.3d at 1084 (quoting *United States v. Barron-Rivera*, 922 F.2d 549, 555 (9th Cir. 1991)). By contrast, we have referred to the "strong societal interest in controlling immigration and in effectively policing our borders" advanced by 8 U.S.C. § 1326. *United States v. Cupa-Guillen*, 34 F.3d 860, 863 (9th Cir. 1994). Because the interests harmed by the drug and immigration offenses here involved are distinct, the district court properly grouped Munoz-Candelario's drug convictions separately from his illegal reentry conviction.

3. We decline to remand for resentencing in light of a change to the Sentencing Guidelines. *See* U.S.S.G., Supp. To Appendix C, Amendment 782 (November 1, 2014).[1] Remand is inappropriate because, among other reasons, the

---

[1] This change applies retroactively. *See* U.S.S.G., Supp. To Appendix C, Amendment 788 (November 1, 2014).

amendment to the Guidelines affects only Munoz-Candelario's marijuana convictions; the higher offense level for his reentry conviction, which determines his total offense level, U.S.S.G. § 3D1.4, remained unchanged. Because the sentencing range for Munoz-Candelario would be the same regardless whether the sentencing court applied the amended guideline, "he is ineligible for relief under § 3582(c)(2)." *United States v. Waters*, 648 F.3d 1114, 1117 (9th Cir. 2011).

4. The district court's sentencing decision was not "procedurally inadequate." A district court is not required explicitly to address every argument for mitigation raised by a defendant. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009). The record indicates that the district court in this case listened to and considered Munoz-Candelario's arguments for mitigation, as well as the factors enumerated in 18 U.S.C. § 3553(a). No more was required. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

5. Finally, Munoz-Candelario contends that his below-Guidelines sentence was substantively unreasonable. In departing downward from the Guidelines range, the district court took into account both Munoz-Candelario's significant criminal history and the considerable amount of time that had elapsed since his last conviction. In light of the "totality of the circumstances," the court's decision to impose a sentence seven months lower than the bottom of the Guidelines range

4

was not substantively unreasonable. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**