**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30169 |
| Plaintiff-Appellee, | D.C. No. 4:07-cr-00019-SEH |
| v. | |
| LEWIS LYNN MITCHELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted April 11, 2017[*]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Lewis Lynn Mitchell appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mitchell contends that he is entitled to a sentence reduction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Mitchell's request for oral argument is denied.

Amendment 782 to the Sentencing Guidelines.  We review de novo whether a defendant is eligible for a sentence reduction.  *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).  Mitchell was sentenced as a career offender under U.S.S.G. § 4B1.1.  Thus, his sentence was not "based on" a Guidelines range that was lowered by Amendment 782 and he is ineligible for a reduction.  *See* 18 U.S.C. § 3582(c)(2); *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).  Accordingly, contrary to Mitchell's contention, the district court had no cause to consider the 18 U.S.C. § 3553(a) factors.  *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Mitchell's contention that he should not have been sentenced as a career offender is not cognizable in a section 3582(c)(2) proceeding.  *See United States v. Waters*, 648 F.3d 1114, 1118 (9th Cir. 2011).

**AFFIRMED.**