NOT FOR PUBLICATION

# FILED



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 16-10407 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 2:11-cr-00513-DGC-4 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| MICHAEL HIGGINS, AKA Michael A. Higgins, AKA Michael Andrew Higgins, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 16-10424 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 2:11-cr-00480-GMS-2 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL A. HIGGINS, AKA Michael Andrew Higgins, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted July 12, 2017
Pasadena, California

Before: REINHARDT, FERNANDEZ, and WARDLAW, Circuit Judges.

Michael Higgins appeals the decisions of the district court dismissing his motions for sentence reductions in two separate judgments against him for possession of methamphetamine with intent to distribute. Those judgments were for an offense committed on or about June 8, 2010, which is the subject of Appeal Number 16-10407,[1] and for an offense committed on or about June 29, 2010, which is the subject of Appeal Number 16-10424.[2] We affirm as to the former and vacate and remand as to the latter.

(1) <u>Appeal Number 16-10407</u>. Judge Campbell denied a reduction of sentence because, as he indicated, the drug quantity amendment[3] to the Sentencing

---

[1]The sentencing and reduction decisions for this offense were made by Judge Campbell.

[2]The sentencing and reduction decisions for this offense were made by Judge Snow.

[3]*See* USSG Supp. App. C, amend. 782 (hereafter Amendment 782). That amended the drug quantity table. *See* USSG § 2D1.1(c) (2014).

2

Guidelines[4] made by the United States Sentencing Commission, even though retroactive,[5] did not affect the applicable Guideline range[6] and, therefore, no reduction was available. We agree. When Higgins was sentenced, the drug quantity table placed his offense level at 32,[7] but because it was at that level and he was entitled to a mitigating role adjustment,[8] his base offense level under the drug offense guideline was itself reduced by two levels,[9] for a result of 30. Under Amendment 782, the drug quantity table placed his offense level at 30,[10] but because it was at that level he was not eligible to have his base offense level under the drug offense guideline reduced by two levels,[11] so the result remained 30. Thus, the amendment did "not have the effect of lowering the defendant's

---

[4]Hereafter, all references to the Sentencing Guidelines are to the November 1, 2015 version thereof, unless otherwise stated.

[5]*See* USSG § 1B1.10(a)(1), (d), p.s.

[6]*Id*. at (a)(2)(B).

[7]USSG § 2D1.1(c)(4) (2011).

[8]*Id.* § 3B1.2(b) (2011).

[9]*See id*. § 2D1.1(a)(5)(B)(i) (2011).

[10]USSG § 2D1.1(c)(5).

[11]*Id.* at (a)(5).

applicable guideline range,"[12] and a reduction was not available.[13]  When applying an amendment to the Guidelines, the court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced."  USSG § 1B1.10(b)(1); *see also United States v. Waters*, 648 F.3d 1114, 1117–18 (9th Cir. 2011).

(2) Appeal Number 16-10424.  Judge Snow denied a reduction of sentence, but did not indicate his reasons therefor.  That left the parties and us to speculate as to the basis of his decision.  We decline to do so because a district court must give some sufficient reason for its decision before we can review it.  *See  United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc); *see also United States v. Emmett*, 749 F.3d 817, 820–21 (9th Cir. 2014); *United States v. Trujillo*, 713 F.3d 1003, 1008–09 (9th Cir. 2013).  Thus, we vacate and remand for further proceedings.

AFFIRMED as to Number 16-10407; VACATED AND REMANDED as to Number 16-10424.

---

[12]*Id*. § 1B1.10(a)(2)(B), p.s.

[13]*Id*. at (a)(2) (introductory clause).

4