**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50307 |
| Plaintiff-Appellee, | D.C. No. 2:99-cr-01274-PA-19 |
| v. | |
| HECTOR RODRIGUEZ-RAMIREZ, | MEMORANDUM<sup>*</sup> |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted December 3, 2018
Pasadena, California

Before:  TASHIMA and IKUTA, Circuit Judges, and KENNELLY,<sup>**</sup> District
Judge.

Hector Rodriguez-Ramirez appeals the district court's denial of his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We affirm.

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup>      The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

The district court did not err in calculating Rodriguez-Ramirez's amended guidelines range. Consistent with § 1B1.10(b)(1) of the U.S. Sentencing Guidelines, the court correctly substituted the new base offense level of 32 (which was applicable to Rodriguez-Ramirez's offense under the amended § 2D1.1(c) of the guidelines) in place of the prior base offense level of 38, and then applied the grouping rules under §§ 3D1.3 and 3D1.4 to arrive at a combined adjusted offense level of 34. *See United States v. Waters*, 648 F.3d 1114, 1117–18 (9th Cir. 2011); *see also United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009). The court then correctly applied the three level adjustment for acceptance of responsibility to arrive at a total offense level of 31, resulting in a guidelines range of 151 to 188 months, given Rodriguez-Ramirez's criminal history category.

The district court did not abuse its discretion in weighing the factors listed in 18 U.S.C. § 3553(a) to conclude that a sentencing reduction was not warranted. *See United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017). It adequately addressed Rodriguez-Ramirez's nonfrivolous arguments for a reduced sentence under 18 U.S.C. § 3553(a)(1). The court explained its reasons for determining that—contrary to Rodriguez-Ramirez's contentions—"the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), did not weigh in favor of a lower sentence. Among other

2

things, the court noted that Rodriguez-Ramirez participated in a violent criminal enterprise, engaged in acts of violence, was part of a conspiracy to murder a fellow gang member, and had a prior felony conviction for manslaughter. Nor did the district court abuse its discretion in rejecting Rodriguez-Ramirez's argument that denying him a sentence reduction would create unwarranted sentencing disparities with his codefendants, because they were not similarly situated to Rodriguez-Ramirez. Finally, the district court's assessment that the sentence of 235 months was "not a substantial departure" from the amended guidelines range of 151 to 188 months was not a finding of fact, let alone a clearly erroneous finding of fact.

**AFFIRMED**.