
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50067 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-01128-BEN-3 |
| v. | |
| ROBERT RODRIGUEZ, AKA Bouncer, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted March 4, 2020
Pasadena, California

Before: KLEINFELD and NGUYEN, Circuit Judges, and PAULEY,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable William H. Pauley III, United States District Judge for
the Southern District of New York, sitting by designation.

We have jurisdiction over Robert Rodriguez's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. Rodriguez was not entitled to have his recusal motion assigned to a different judge, nor to have it granted, on the record before us. Under 28 U.S.C. § 144, a judge has a duty to "proceed no further" if the moving party "files a timely and sufficient affidavit" that shows that the assigned judge "has a personal bias or prejudice either against him or in favor of any adverse party . . . ." We held in *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978), that the assigned judge may properly decide whether the affidavit is "sufficient" and if it is not, need not assign it to another judge. In the case before us, there appears to be no affidavit. There is only a motion from Rodriguez's counsel which includes some allegations made in the first person as though from Rodriguez himself. And even if that were treated equivalent to an affidavit, which it is not, nevertheless it would not be "sufficient." 28 U.S.C. § 144. To be sufficient, an affidavit must establish bias or prejudice against a "party" or in favor of an "adverse party." *Id.*; *see also United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir. 1985). It has long been held that the "alleged bias and prejudice to be disqualifying must stem from an *extrajudicial source* and result in an opinion on the merits on some basis *other than what the judge learned from his participation in the case.*" *Azhocar*, 581 F.2d

at 739 (emphasis in original) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). None of the material Rodriguez relies on stems from an extrajudicial source. Nor does it display the kind of "deep-seated . . . antagonism [against Rodriguez] that would make fair judgment impossible," which is necessary to require recusal based on bias stemming from a non-extrajudicial source. *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) (per curiam) (quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). For the same reasons, the district court did not abuse its decision in denying the motion to recuse under 28 U.S.C. § 455.

2. The claimed error in the court's career-offender finding under the Guidelines, if error at all, is harmless. Rodriguez had a base offense level of 34, U.S.S.G. § 2D1.1(c)(3), increased by two levels for importation of methamphetamine, U.S.S.G. § 2D1.1(b)(5), and increased by four levels for his leadership role, U.S.S.G. § 3B1.1(a). His final offense level after these adjustments was 40. Because Rodriguez's offense level was greater than the offense level specified in U.S.S.G. § 4B1.1(b), the court's career-offender finding did not change his total offense level. *See United States v. Waters*, 648 F.3d 1114, 1115–16 (9th Cir. 2011). And because of Rodriguez's criminal history, he was in Criminal History Category VI, which would generate the Guidelines range within

3

which he was sentenced without a career-criminal enhancement. U.S.S.G. § 4B1.1(b); *id.* ch. 5, pt. A; *cf. United States v. Cruz-Gramajo*, 570 F.3d 1162, 1174 (9th Cir. 2009).

3. The district court explained Rodriguez's sentence sufficiently to show that the 18 U.S.C. § 3553(a) factors were considered. *See United States v. Cherer*, 513 F.3d 1150, 1159 (9th Cir. 2008) (a district court need not "explicitly reference" each factor). The sentence was within the Guidelines and amounted to a substantial reduction from the 600-month sentence previously imposed. The judge properly and adequately explained why he was imposing the sentence of the duration he did. Accordingly, we have no basis for determining that the sentence was substantively unreasonable.

**AFFIRMED.**